Counsel for Sears, in reply: The deed to the purchaser of the confiscated lands expressly states that this land was sold as the land and estate of Henry Eustace McCulloch confiscated by the Legislature, which makes it evident that no more was intended to be conveyed than the land which had been the property of Henry Eustace McCulloch; and if by mistake or design the boundaries had been extended beyond what his grant covered, that mistake was to be rectified by the express words of the State grant, saying the State conveyed it as his land; for whether it was his land or not was to be ascertained only by his grant, not by the description of the State grant to the purchaser. The invalidity of the grant may be shown in the ejectment, and a public officer granting land as the agent of the community, believing the title of the community to have come by one means (by means of confiscation, for instance), when in truth it came by another, which if he had been apprized of, he would not and ought not to have executed the grant, does not thereby convey any property to the grantee. (135)
We have often decided, and we are now of opinion, that the State having granted vacant lands, the first patentee will be entitled to hold them, notwithstanding any attendant circumstances that render it avoidable, until it be actually avoided in the court of equity; and that it cannot be avoided by any parol evidence given to a jury on a trial in ejectment, but the jury may find a special verdict, if they please, subject as to this point to the opinion of the Court. But the jury did not agree, and one of them was withdrawn.
Afterwards, at a subsequent term, the Court holding the same doctrine, there was a verdict and judgment for the defendant.
See Reynolds v. Flinn, ante, 106.
Cited: Waugh v. Richardson, 30 N.C. 471; Dosh v. Lumber Co., 128 N.C. 88.